EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

USAA GENERAL INDEMNITY COMPANY and DOES 1 - 100.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHIH LIN, RAYA LIN

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
03/28/2023
Chad Finke, Executive Officer / Clerk of the Court
By: A. Linhares  Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court
Rene C. Davidson, 1225 Fallon Street, Oakland, CA 94612

**CASE NUMBER:**
*(Número del Caso):* 23CV030112

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David A. Kleczek, 825 Washington Street, Suite 301, Oakland, CA 94607, (510) 663-7100

**DATE:** 03/28/2023
*(Fecha)*

Chad Finke, Executive Officer / Clerk of the Court, Deputy
Clerk, by A. Linhares (Adjunto)
*(Secretario)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):* USAA General Indemnity Company
3. [✓] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
          [✓] other *(specify):* CCP 415.95 - unknown entity
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

DAVID A. KLECZEK, (State Bar No. 244045)
KLECZEK LAW OFFICE
825 Washington St., Ste. 301
Oakland, CA 94607
Telephone: (510) 663-7100
Facsimile: (510) 663-7102

Attorneys for Plaintiffs,
CHIH LIN and RAYA LIN

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
03/28/2023 at 09:44:37 AM
By: Angela Linhares,
Deputy Clerk

IN THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

CHIH LIN, RAYA LIN.

    Plaintiff,

vs.

USAA GENERAL INDEMNITY COMPANY, and DOES 1 – 100.
    Defendants.

Case No.: 23CV030112

COMPLAINT FOR:

1. DECLARATORY RELIEF;
2. BREACH OF WRITTEN CONTRACT;
3. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

JURY TRIAL DEMANDED

    COMES NOW Plaintiffs, CHIH LIN and RAYA LIN and asserts claims against Defendants USAA and DOES 1 – 100, inclusive (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. This action is for damages based on Defendants' actions and sounds in negligence, breach of contract, and declaratory relief.

2. This action seeks damages for PLAINTIFFS CHIH LIN and RAYA LIN based on the unfair, unlawful, and unreasonable denial of their first party claim for benefits under an uninsured motorist insurance policy.

### PARTIES

1

COMPLAINT

3. PLAINTIFF CHIH LIN is an adult and resident of San Ramon, California. PLAINTIFF RAYA LIN is a minor and a resident of San Ramon, California.

4. USAA GENERAL INDEMINITY COMPANY is an insurance company with its principal place of business in Texas. They agreed to provide underinsured motorist coverage to PLAINTIFFS.

## JURISDICTION AND VENUE

5. This matter is properly filed within Unlimited Jurisdiction of this Court in that the amount in controversy, including Plaintiffs economic and non-economic damages exceed $25,000.00.

6. The County of Alameda is proper venue for the matter as some of the actions occurred within Alameda.

## STATEMENT OF FACTS

7. Whenever in this Complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of their officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

8. PLAINTIFFS are ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as Does 1 through 100, inclusive and therefore sues said defendants (the "Doe Defendants") by such fictitious names. PLAINTIFFS will amend this Complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

9. PLAINTIFFS are informed and believe, and thereon allege, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants, and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is

liable to PLAINTIFFS to the extent of the liability of Defendants as alleged herein.

10. PLAINTIFFS are further informed and believe and thereon allege that at all times herein material, each defendant was completely dominated and controlled by its co-defendants and each was the alter ego of the other. Whenever and wherever reference is made in this complaint to any conduct by Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly and severally. Whenever and wherever reference is made to individuals who are not named as defendants in this complaint, but were employees/agents of, such individuals at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

11. On or about December 29, 2018, PLAINTIFF CHIH LIN purchased an automobile insurance policy from DEFENDANT USAA GENERAL INDEMNITY COMPANY, Policy Nummber 03067 11 24 7101 3 (hereinafter "The Policy").

12. At all relevant times, PLAINTIFFS complied with all relevant obligations pursuant to The Policy.

13. The Policy provided for uninsured motorist coverage with limits of $300,000 per person and $500,000 per occurrence.

14. On or about May 31, 2019, PLAINTIFFS were involved in a motor vehicle crash involving an uninsured motorist in Oakland, California.

15. On or about June 13, 2019, DEFENDANT denied PLAINTIFFS claim for uninsured motorist coverage because DEFENDANT determined no coverage was available to PLAINTIFFS for the May 31, 2019 motor vehicle crash. DEFENDANT at all times refused to arbitrate this matter and completely denied any coverage was available to PLAINTIFFS.

16. At all relevant times PLAINTIFFS directly communicated with DEFENDANT without the assistance of counsel, and made claims for bodily injury, medical expenses, and lost wages.

17. At all relevant times during the communications between DEFENDANT and PLAINTIFFS, PLAINTIFFS were unrepresented by counsel in their interactions with DEFENDANT.

18. PLAINTIFFS made timely claims to be compensated pursuant to the uninsured motorist coverage provisions of The Policy.

19. PLAINTIFFS at all times cooperated with DEFENDANT to reach a reasonable resolution.

20. DEFENDANT sent at minimum fourteen written communications to PLAINTIFFS relating to their claims for benefits relating to the uninsured motorist coverage provisions of The Policy.

21. DEFENDANT made unreasonable requests upon PLAINTIFFS relating to requests for medical examinations.

22. DEFENDANT denied PLAINTIFFS request for benefits pursuant to the uninsured motorist provisions of The Policy wrongfully. DEFENDANT made false representations with respect to PLAINTIFFS rights and obligations pursuant to The Policy, including but not limited to claims resolutions procedures.

23. DEFENDANT stated to PLAINTIFFS that under California State law PLAINTIFFS were "principally at fault" and denied any coverage for this claim. This was a misrepresentation of California State law.

24. DEFENDANT wrongfully made this at-fault determination. DEFENDANT then used that wrongful at-fault determination to determine future premiums and to determine that the claim was not subject to the arbitration provisions of The Policy. Based on the at-fault determination, DEFENDANT at all times refused to participate.

25. Upon information and belief, DEFENDANT broadcasted this improper at-fault determination to all California automobile insurance companies, which caused PLAINTIFFS' to incur financial damages.

26. At no time did DEFENDANT notify PLAINTIFFS of any alleged expirations of an applicable statute of limitations.

27. PLAINTIFFS relied upon DEFENDANT representations at all time and believed DEFENDANT was acting in good faith.

28. At all times, DEFENDANT refused to unreasonably and without grounds refused to

4

**COMPLAINT**

participate in arbitration.

29. PLAINTIFFS have not alternative but to file this lawsuit against DEFENDANT to recover benefits under the uninsured motorist coverage provisions of The Policy.

30. PLAINTIFFS do not have a copy of The Policy and therefor cannot attach it to this Complaint.

## FIRST CAUSE OF ACTION

### Declaratory Relief

31. PLAINTFFS re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-59 as though fully set forth herein.

32. There presently exists an actual controversy between the parties concerning DEFENDANT's obligations and duties owed to PLAINTIFFS pursuant to The Policy. PLAINTIFFS contend there is coverage afforded for the aforementioned motor vehicle crash, and that DEFENDANT has an obligation to arbitrate the matter. DEFENDANT has denied there is coverage afforded by The Policy, and refused to arbitrate the matter.

33. PLAINTIFFS request a judicial declaration of the respective rights and duties of the parties under The Policy. PLAINTIFFS request a judicial determination that DEFENDANT wrongfully made at-fault determinations relating to the aforementioned motor vehicle crash, and wrongfully considered the at-fault determination to determine future premiums, and to determine the arbitrability of the claim.

34. Such a declaration is necessary and appropriate to determine the rights and duties of the parties under The Policy.

## SECOND CAUSE OF ACTION

### Breach of Contract Against DEFENDANT

35. PLAINTIFFS re-allege and incorporates by reference each and every allegation contained in Paragraphs 1-64 as though fully set forth herein.

36. PLAINTIFFS duly performed each and every covenant and condition of The Policy or has been excused from so performing as a result of DEFENDANT's breach of the same.

37. As set forth above, DEFENDANTS, among other things, agreed to provide underinsured motorist coverage benefits to PLAINTIFFS.

38. DEFENDANT's breach of insurance contract with PLAINTIFFS include, but are not limited to, the failure and refusal of DEFENDANT to do one or more of the following:
    a. Make true and adequate representations of California law relating to the determination of applicability of coverage;
    b. Adhere to the California Fair Claims Settlement Practices statutes and regulations;
    c. Notify PLAINTIFFS of their rights pursuant to the policy;
    d. Misrepresent the claims process to the detriment of PLAINTIFFS;
    e. Adequately investigate the claims made by PLAINTIFFS for reimbursement of medical expenses, personal injuries, wage loss, and property damage.
    f. Increase PLAINTIFFS premiums due to an unlawful and wrongful at-fault party;
    g. Notify other automobile insurers of their wrongful determination to the detriment of PLAINTIFFS;
    h. Denial that this matter is subject to arbitration.

39. As a direct and proximate result of DEFENDANT's breach of their contractual duties, PLAINTIFFS incurred substantial attorneys' fees, costs and expenses, compensatory damages, consequential damages, reputational damage, and other costs, expenses, and damages to be proven at trial.

40. PLAINTIFFS are entitled to recover from DEFENDANT all of its damages as referenced herein, with interest thereon, according to proof.

### THIRD CAUSE OF ACTION

**Breach of Implied Covenant of Good Faith and Fair Dealing Against DEFENDANT**

41. PLAINTIFFS re-allege and incorporates by reference each and every allegation contained in Paragraphs 1-71 as though fully set forth herein.

42. DEFENDANT, at all times relevant to this action, had a duty to act fairly and in good faith with PLAINTIFFS in carrying out its responsibilities under The Policy.

43. Pursuant to the respective policies, DEFENDANT has an implicit obligation to act fairly and in good faith to PLAINTIFFS, to promptly and reasonably investigate claims, and to make reasonable coverage decision.

44. DEFENDANT breached their obligations to act fairly and in good faith toward PLAINTIFFS by one or more of the following:

   a. Failing to conduct a reasonable, prompt and unbiased investigation into claims alleged by the PLAINTIFFS;
   b. Misrepresenting California law;
   c. Failing to notify PLAINTIFFS of their rights pursuant to the Fair Claims Settlement Practices regulations and statutes;
   d. Making an unreasonable coverage determination that The Policy did not afford coverage for the motor vehicle crash, and that it was not required to arbitrate those claims;
   e. Failing to acknowledge and respond to communications from PLAINTIFFS in violation of the Fair Claims Settlement Practices regulations and statutes;
   f. Failing to provide copies of the applicable insurance policies upon request;
   g. Denying PLAINTIFFS status as an INSURED under The Policy;
   h. Taking positions directly contrary to controlling appellate authorities;
   i. Taking positions directly contrary California Supreme Court authorities;
   j. Requiring PLAINTIFFS to undergo unreasonable medical examinations;
   k. Making false representations to PLAINTIFFS which PLAINTIFFS relied upon to their detriment;

l. Taking the above-described actions as part of a systemic and deliberate scheme to withhold policy benefits that would otherwise be due to PLAINTIFFS.

45. PLAINTIFFS are informed and believes, and based thereon alleges, the specific factual allegations as to fraudulent, malicious, and oppressive conduct of DEFENDANT under The Policy.

WHEREFORE, PLAINTIFFS prays for judgment against DEFENDANT as follows:

### ON THE FIRST CAUSE OF ACTION

1. For a declaratory judgment determining the rights and obligations between PLAINTIFFS and DEFENDANTS under the terms of The Policy.

### ON THE SECOND CAUSE OF ACTION

2. For compensatory damages according to proof.

### ON THE THIRD CAUSE OF ACTION

3. For compensatory damages according to proof;
4. For attorneys' fees incurred in obtaining the benefits owed under The Policy;
5. For exemplary damages according to proof.

### ON ALL CAUSES OF ACTION

6. For costs of suit herein;
7. For interest on this sum at the prevailing legal rate from the date first incurred until paid; and
8. For all such other relief as the court

Dated: March 28, 2023

KLECZEK LAW OFFICE

By: _____
DAVID A. KLECZEK, SBN 244045
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in this matter.

Dated: March 28, 2023

                KLECZEK LAW OFFICE

                By: _____
                DAVID A. KLECZEK, SBN 244045
                Attorney for Plaintiffs